Filed 10/25/13  P. v. Brooks CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDRE JOSEPH BROOKS, JR.,<br><br>    Defendant and Appellant. | F062598<br><br>(Super. Ct. No. 1417600)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  John D. Freeland, Judge.

M. Bradley Wishek, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Jamie A. Scheidegger, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Detjen, J. and Franson, J.

Following a jury trial, appellant Andre Joseph Brooks, Jr. was found guilty of robbery (Pen. Code, § 211[1]) and the jury found true the firearm enhancement (§ 12022.53, subd. (b)).  The court sentenced appellant to state prison for 12 years.  Appellant appeals, contending that the trial court committed *Marsden*[2] error, committed prejudicial error when it failed to direct rereading of testimony requested by the jury, and that defense counsel provided ineffective assistance of counsel.  We find none of these contentions meritorious and affirm.[3]

## STATEMENT OF THE FACTS

Penny Ott, a cashier at a 7-Eleven store in the city of Oakdale was robbed at gunpoint at 4:55 a.m. on Sunday, April 25, 2010.  The assailant had a mask and a baseball cap on and carried a revolver.  She could not see his face.  After he acquired the money contained in the cash registers, he left the store running.  Ms. Ott called 911.  As the assailant ran out of the store, Ms. Ott was able to see the back of his hair, which was curly, black and very short.  The police responded and found appellant running through a nearby park.  Within an hour after the robbery, an officer took Ms. Ott to a location three or four blocks from the store, where she saw a man who was under arrest and handcuffed.  She was able to identify him as the robber "[b]y the hair."  She identified him at trial as the same person.  She had previously described the robber to police by indicating he was wearing a baseball cap, a brightly colored orange or red bandanna on his face and a black shirt.  She described him as very thin, Hispanic and that he had "dark[,] curly, bushy, short hair."

Prior to the in-field identification, appellant told police that he had not robbed anybody.  This statement was made before anyone had told him that he was a suspect in a

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

[2]     *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[3]     Appellant's request for judicial notice filed on September 11, 2012, is denied.

robbery. During his interview with the police, appellant never claimed there was someone else involved in the robbery and the police never found another person to be involved.

Defense counsel basically conceded his client's guilt of the robbery during his opening statement, but he suggested that the prosecution would not be able to prove that he personally used a firearm because another person had been involved in the robbery.

## DISCUSSION

### *Marsden* Hearing

In *Marsden*, the California Supreme Court held that it was error for a trial court to deny a defendant's request for appointment of substitute counsel without giving him an opportunity to explain the basis for his request. (*Marsden*, *supra*, 2 Cal.3d at p. 124.) In a more recent opinion the high court explained:

> "Under the Sixth Amendment right to assistance of counsel ""'[a] defendant is entitled to [substitute another appointed attorney] if the record clearly shows that the first appointed attorney is not providing adequate representation [citation] or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.'"" (*People v. Memro* (1995) 11 Cal.4th 786, 857 (*Memro*).) Furthermore, ""'When a defendant seeks to discharge appointed counsel and substitute another attorney, and asserts inadequate representation, the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of the attorney's inadequate performance.'"" (*Ibid.*) 'We review the court's rulings for an abuse of discretion.' (*Ibid.*)

> "A defendant does not have the right to present a defense of his own choosing, but merely the right to an adequate and competent defense. (See *People v. Hamilton* (1989) 48 Cal.3d 1142, 1162.) Tactical disagreements between the defendant and his attorney do not by themselves constitute an 'irreconcilable conflict.' 'When a defendant chooses to be represented by professional counsel, that counsel is "captain of the ship" and can make all but a few fundamental decisions for the defendant.' (*People v. Carpenter* (1997) 15 Cal.4th 312, 376.)" (*People v. Welch* (1999) 20 Cal.4th 701, 728-729 (*Welch*).)

The high court has also clarified that substitute counsel should be appointed when, and only when, the court finds that the defendant has shown that a failure to replace the appointed attorney would substantially impair the right to assistance of counsel or, stated differently, only when the record shows that the first appointed attorney is not providing adequate representation or that the defendant and his attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result. (*People v. Smith* (1993) 6 Cal.4th 684, 696 (*Smith*).) Denial of a *Marsden* motion is not an abuse of discretion unless the defendant has shown that the denial would substantially impair the defendant's right to assistance of counsel. (*Smith*, *supra*, at pp. 690-691.)

Here, a *Marsden* hearing was conducted outside the presence of the prosecutor. Appellant was given an opportunity to explain the reasons why he was dissatisfied with his lawyer and why he wanted the court to appoint new counsel for him. There was an exchange between the court and appellant in which questions were asked and responses given.[4] Appellant stated more than once that he had a lack of confidence in his attorney, but when the court pressed him for specifics, he offered few.

His primary complaint was that his attorney refused to act on his request for a lineup. Defense counsel explained the reasons why he felt that a lineup would not be in appellant's best interest. On appeal, appellant does not quarrel with the adequacy of his attorney's explanation for why he did not request a lineup. Instead, he complains that the record of the *Marsden* hearing demonstrates that there was a fundamental breakdown in the attorney/client relationship. The record does reveal that appellant and his attorney disagreed and raised their voices when discussing trial strategies, but that evidence, without more, does not establish an irreconcilable conflict in which ineffective representation is likely to result. (*Smith*, *supra*, 6 Cal.4th at p. 696.) Mere disagreement

---

[4] The hearing and ruling comprise 15 pages of transcript.

4.

about trial strategies does not entitle appellant to newly appointed counsel. (*Welch, supra*, 20 Cal.4th at pp. 728-729.)

Appellant was also critical of his trial counsel because he did not personally represent him during the preliminary hearing.[5] While his attorney was not personally present at the preliminary hearing, another deputy public defender was present and there was no showing that appellant was not adequately represented at that hearing. Trial counsel also stated that he read the preliminary hearing transcripts.

Appellant also claimed that his attorney failed to stay in touch with him before the trial, but his counsel explained that even during a two-month time period during which they did not communicate, he was working on the case and attempting to negotiate a favorable outcome for appellant with the prosecutor.

Trial counsel mentioned that appellant asked him if he could waive time, but time was already waived in both of his cases. It appeared that appellant wanted a trial continuance, but when the court asked trial counsel why appellant wanted a continuance he said he didn't know. Appellant did not offer any further explanation. Thus, there is no basis upon which to conclude that counsel's failure to seek a continuance substantially impaired his representation of appellant.

While appellant told the trial court that he had lost confidence in his counsel, he felt they were "not on the same page," and felt "like he's not even trying to help me," the record does not support appellant's claim that an irreconcilable conflict had arisen, that appellant was being inadequately represented or that the trial court's conduct of the *Marsden* hearing was deficient in exploring the question of whether an irreconcilable conflict existed. Appellant was given numerous opportunities to explain the basis for his request that new counsel be appointed and the only reasons given were those already

---

[5] Trial counsel did not appear at the preliminary hearing because he was on vacation.

mentioned.  The trial court did not abuse its discretion in denying appellant's request for substitution of counsel.

The Trial Court Did Not Commit Prejudicial Error When It Failed to Direct
a Rereading of Officer Cruz's Testimony in Response to Jury Inquiry No. 1

During deliberations, the jury sent the court a note with the following question: "Penny Ott's testimony—did she identify seeing the orange gloves [in] conversation w/Ofcr Cruz when he wrote up his report."  According to the settled statement on appeal:

> "As to jury inquiry No. 1, the parties agreed that the court reporter, Shelly Miller … would reread portions of the testimony of Penny Ott, and the trial court ordered Ms. Miller to do so.  At or about 2:25 p.m. Ms. Miller went into the jury deliberation room and reread portions of the testimony of Penny Ott."

On appeal, appellant contends that the jury note was equivocal as to whether or not the jury was seeking a reread of Ms. Ott's testimony only or both Ms. Ott's testimony and Officer Cruz's testimony.  He contends that it was reversible error for the court to only order a readback of Ott's testimony.

Respondent argues that appellant has forfeited this claim on appeal, because he failed to object in the trial court during the deliberations.  (*People v. Ross* (2007) 155 Cal.App.4th 1033, 1048.)  Here, the record does not indicate that appellant objected to the court's response.  However, since the parties are proceeding by way of settled statement, there is no transcription of any discussion held between the court and counsel as to the response to the jury's note.  But, as respondent argues, appellant has an affirmative duty to show error on appeal.  (*People v. Goodall* (1951) 104 Cal.App.2d 242, 249.)  Here, the record does not show that defense counsel preserved the issue by objecting to the readback of Ms. Ott's testimony only.  Appellant relies on *People v. Butler* (1975) 47 Cal.App.3d 273 and *People v. Litteral* (1978) 79 Cal.App.3d 790 as authority for reaching the merits of a section 1138 issue notwithstanding the failure of

6.

trial counsel to object at the time.  We decline to resolve this matter under the rule of forfeiture and will reach its merits.

> Section 1138 provides:     "After the jury have retired for deliberation, if there be any disagreement between them as to the testimony, or if they desire to be informed on any point of law arising in the case, they must require the officer to conduct them into court.  Upon being brought into court, the information required must be given in the presence of, or after notice to, the prosecuting attorney, and the defendant or his counsel, or after they have been called."

The trial court must comply with a jury's request for a rereading of testimony.  (*People v. Ainsworth* (1988) 45 Cal.3d 984, 1020; *People v. Box* (2000) 23 Cal.4th 1153, 1213, disapproved on another point in *People v. Martinez* (2010) 47 Cal.4th 911, 948.)

Appellant contends that the jury's note was ambiguous and, therefore, the trial court was obliged to have the court reporter read back both the testimony of Ms. Ott and the testimony of Officer Cruz.  We disagree.  The note itself specifically identified "Penny Ott's testimony."  While it is possible that the jury may have wanted both, only Ms. Ott's testimony was read back to them and they did not later request a reread of Officer Cruz's testimony.  In fact, after Ms. Ott's testimony was reread to them, they submitted another inquiry to the court, but at no time requested Officer Cruz's testimony.  This scenario logically leads to the conclusion that the jury's request for readback was satisfied when Ms. Ott's testimony was read back to them.  Had they wanted more, they would have requested more.  There was no violation of section 1138.

There Was No Ineffective Assistance of Counsel

Finally, appellant claims ineffective assistance of counsel due to trial counsel's failure to object to the court's decision to order readback of only Ms. Ott's testimony and his failure to insist that Officer Cruz's testimony be reread as well.  A conviction will be reversed on the grounds of ineffective assistance of counsel only if the record on appeal affirmatively discloses both that trial counsel's performance was deficient and that the performance prejudiced appellant.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687.)

7.

Appellant has failed to prove either deficient performance or prejudice. As explained above, there was no violation of section 1138. The jury's inquiry referenced Ms. Ott's testimony, not Officer Cruz's testimony. Accordingly, trial counsel's performance was not deficient in failing to object to the reread that the jury specifically requested.

Even if the inquiry was ambiguous enough to warrant an argument that Officer Cruz's testimony should also have been reread, failure to make that argument was harmless. This is so because after having had Ms. Ott's testimony reread to them, the jury did not request a reread of Officer Cruz's testimony. They did, however, submit another inquiry to the court. They were not reluctant to make inquiries of the court. Had they believed that their first inquiry called for a rereading of Office Cruz's testimony, they likely would have communicated that to the court. The fact that they did not do so is strong evidence that their inquiry No. 1 was a request for readback of Ms. Ott's testimony and nothing more. There can be no prejudice from failing to ask the court to order readback of Officer Cruz's testimony if the jury did not request it.

## DISPOSITION

The judgment is affirmed.